JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-11233-RGK-AS | Date | January 6, 2022 |
|---|---|---|---|
| Title | *Honey Bum, LLC v. Fashion Nova, Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants' Motion for Summary Judgment [DE 46]

## I.  INTRODUCTION

On April 5, 2021, Honey Bum, LLC ("Plaintiff" or "Honey Bum") filed a first amended complaint against Fashion Nova, Inc. ("Fashion Nova") and its founder and CEO, Richard D. Saghian (collectively, "Defendants"). (*See* FAC, ECF No. 25.) Plaintiff alleges that Defendants orchestrated a group boycott in violation of Section 1 of the Sherman Antitrust Act (15 U.S.C. § 1) and tortiously interfered with Plaintiff's business relations and contracts. (*Id.*)

Presently before the Court is Defendants' Motion for Summary Judgment. (ECF No. 86.) For the following reasons, the Court **GRANTS** Defendants' Motion.

## II.  FACTUAL BACKGROUND[1]

Plaintiff and Defendants are competing online retailers that specialize in "fast fashion." The term "fast fashion" "is commonly used to define clothing that is produced quickly in response to prevailing fashion trends." (FAC ¶ 2 n.1.) Plaintiff and Defendants source their products from the same vendors in Los Angeles. Plaintiff alleges that Fashion Nova—the biggest player in the fast fashion industry—threatened to stop doing business with certain vendors unless those vendors stopped doing business with Honey Bum.[2] According to Plaintiff, over 30 vendors have since boycotted Honey Bum.

---

[1] The following facts are undisputed, unless otherwise noted.

[2] "For purposes of this motion only, Fashion Nova does not contest that its employees [] told these vendors not to sell certain items to Honey Bum or to cease selling to Honey Bum entirely." (Mot. Summ. J. at 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11233-RGK-AS | Date | January 6, 2022 |
|---|---|---|---|
| Title | *Honey Bum, LLC v. Fashion Nova, Inc. et al* | | |

### III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are "material" only if dispute about them may affect the outcome under applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.*

On issues where the moving party does not have the burden of proof at trial, the moving party is required only to show that there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Upon such a showing, the Court may grant summary judgment on all or part of the claim. Fed. R. Civ. P. 56(a). To defeat a summary judgment motion, the non-moving party may not merely rely on its pleadings or on conclusory statements. *Id.* at 324. Nor may the non-moving party merely attack or discredit the moving party's evidence. *See Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). The non-moving party must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. The "inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.* 369 U.S. 654, 655 (1962).

### IV. DISCUSSION

Defendants move for summary judgment on all of Plaintiff's claims: (1) antitrust violation; (2) tortious interference with business relations; and (3) tortious interference with contract. The Court considers each claim in turn.

#### A. Antitrust Violation

Plaintiff alleges that Defendants orchestrated a group boycott in violation of Section 1 of the Sherman Antitrust Act, which states that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce . . . is declared to be illegal." 15 U.S.C. § 1. To prevail on this claim, Plaintiff "must prove (1) the existence of an agreement, and (2) that the agreement was an unreasonable restraint of trade." *Aerotec Int'l, Inc. v. Honeywell Int'l, Inc.*, 836 F.3d 1171, 1178 (9th Cir. 2016).

In evaluating whether an agreement is unreasonable, "the Supreme Court has distinguished between agreements made up and down a supply chain, such as between a manufacturer and a retailer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11233-RGK-AS | Date | January 6, 2022 |
|---|---|---|---|
| Title | *Honey Bum, LLC v. Fashion Nova, Inc. et al* | | |

('vertical agreements'), and agreements made among competitors ('horizontal agreements').'" *In re Musical Instruments & Equip. Antitrust Litig.*, 798 F.3d 1186, 1191 (9th Cir. 2015). Most horizontal agreements, such as agreements among manufacturers to refuse to deal, are unreasonable *per se* because they often "prove so harmful to competition and so rarely prove justified that the antitrust laws do not require proof that an agreement of that kind is, in fact, anticompetitive in the particular circumstances." *Id.*; *NYNEX Corp. v. Discon, Inc.*, 525 U.S. 128, 133 (1998). Therefore, "no further inquiry into the practice's actual effect on the market or the parties' intentions is necessary to establish a § 1 violation." *In re Musical Instruments*, 798 F.3d at 1191. "Vertical agreements, on the other hand, are analyzed under the rule of reason, whereby courts examine 'the facts peculiar to the business, the history of the restraint, and the reasons why it was imposed,' to determine the effect on competition in the relevant product market." *Id.* (quoting *Nat'l Soc'y of Prof'l Eng'rs v. United States*, 435 U.S. 679, 692 (1978)).

"But the line between horizontal and vertical restraints can blur." *In re Musical Instruments*, 798 F.3d at 1192. For instance, here, Plaintiff alleges a hub-and-spoke conspiracy, which is a "collection of vertical and horizontal agreements." *See id.* A hub-and-spoke conspiracy has three elements: "(1) a hub, such as a dominant purchaser; (2) spokes, such as competing . . . distributors that enter into vertical agreements with the hub; and (3) the rim of the wheel, which consists of horizontal agreements among the spokes." *Id.* According to Plaintiff, Fashion Nova (the hub) pressured various vendors (the spokes) to refuse selling to Honey Bum, and the vendors agreed with each other (the rim) to stop doing business with Honey Bum. Plaintiff argues that this hub-and-spoke group boycott conspiracy is unreasonable *per se*.[3]

The Supreme Court "has found the *per se* rule applicable in certain group boycott cases." *NYNEX Corp.*, 525 U.S. at 134. However, the *per se* rule is limited "in the boycott context to cases involving horizontal agreements among direct competitors." *Id.* at 135. Therefore, Plaintiff must offer sufficient evidence of a "rim"—that is, a horizontal agreement among the boycotting vendors—to survive summary judgment.[4] Defendants argue that Plaintiff has failed to make this showing. And the Court agrees.

Proof of parallel conduct alone is not enough to establish a horizontal agreement; a plaintiff must demonstrate additional circumstances, or "plus factors." *In re Citric Acid*, 191 F.3d 1090, 1096 (9th Cir.

---

[3] Plaintiff does not offer evidence or argument in support a rule of reason analysis. Therefore, the Court considers only whether the agreement at issue is unreasonable *per se*.

[4] The Court notes, however, that proving the existence of a "rim" is not always necessary to prevail on an antitrust claim. A "rimless" hub-and-spoke conspiracy is a "collection of purely vertical agreements" that may still "unreasonably restrain trade." *In re Musical Instruments*, 798 F.3d at 1192 n.3. Courts would analyze the reasonableness of a "rimless" hub-and-spoke conspiracy under the rule of reason. *Id.* But here, Plaintiff does not allege a "rimless" conspiracy.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11233-RGK-AS | Date | January 6, 2022 |
|---|---|---|---|
| Title | *Honey Bum, LLC v. Fashion Nova, Inc. et al* | | |

1999). "Plus factors" are "economic actions and outcomes that are largely inconsistent with unilateral conduct but largely consistent with explicitly coordinated action." *In re Musical Instruments*, 798 F.3d at 1194. A plaintiff may offer direct or circumstantial evidence. But when a plaintiff "relies solely on circumstantial evidence of conspiracy," it also "must produce evidence tending to exclude the possibility that [the vendors] acted independently." *In re Citric Acid*, 191 F.3d at 1096.

Plaintiff's evidence of the vendors' parallel conduct includes emails showing that between August 2017 and May 2019, certain vendors told Fashion Nova that they would no longer do business with Honey Bum. (McFarland Decl., Exs. 8–16, ECF Nos. 88-10–18.) Plaintiff asserts that during this same period, vendors refused to sell to Honey Bum. (Opp'n at 5, ECF No. 88.) Additionally, Plaintiff offers circumstantial evidence of "plus factors," arguing that this evidence indicates an agreement among the boycotting vendors:

(1) An email that shows that a representative from one vendor (Rehab) transitioned to a different vendor (Honey Punch) and notified Fashion Nova that the representative's new vendor would also stop doing business with Honey Bum. (McFarland Decl., Ex. 13, ECF No. 88-15.)
(2) A spreadsheet revealing that one individual represented two different vendors that boycotted Honey Bum. (McFarland Decl., Ex. 4, ECF No. 88-6.)
(3) A map that shows that the vendors' businesses are located within the same few blocks in Downtown Los Angeles.[5] (McFarland Decl., Ex. 24, ECF No. 88-26.)

The Court has considered this evidence and finds that it is not sufficient to create a genuine dispute that the vendors entered any horizontal agreement. With this evidence, no reasonable jury could find that Plaintiff established a "rim," which is a necessary element to Plaintiff's claim that the alleged agreement is unreasonable *per se*. A reasonable jury could not infer an agreement between vendors to boycott Honey Bum based on the mere fact that one individual worked at two different vendors. Nor could a reasonable jury infer that the vendors agreed among themselves to boycott Honey Bum based on their proximity to one another. Furthermore, Plaintiff does not offer any evidence that tends to "exclude

---

[5] Plaintiff attempts to offer additional evidence of the vendors' "small community," asserting that the members of the same family work at different vendors and that the vendors' owners attend the same trade show. (Opp'n at 11–12, ECF No. 88.) However, Plaintiff's citations to deposition testimony do not support its assertions. For example, Plaintiff cites to page 139 of Exhibit 1 and page 285 of Exhibit 25, which do not exist. (*See* Opp'n at 11 (citing McFarland Decl., Ex. 1 at 139:2–3; *id.*, Ex. 25, 285:18–25.) "Judges are not like pigs, hunting for truffles buried in briefs" or the record. *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). As such, the Court does not consider these unsupported assertions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11233-RGK-AS | Date | January 6, 2022 |
|---|---|---|---|
| Title | *Honey Bum, LLC v. Fashion Nova, Inc. et al* | | |

the possibility that [the vendors] acted independently." *See In re Citric Acid*, 191 F.3d at 1096. In fact, the evidence in the record supports an opposite finding—that each vendor independently agreed to the threats that Fashion Nova levied against them individually.

Plaintiff makes two additional arguments that the Court finds uncompelling. First, Plaintiff argues that the vendors' refusal to sell to Honey Bum is against their economic self-interest, which serves as a "plus factor" tending to establish horizontal agreement. However, the vendors' refusal to sell to Honey Bum is not necessarily against their economic self-interest when each had a unilateral, or individual, incentive to stop selling to Honey Bum: a desire to continue doing business with Fashion Nova, the biggest player in the fast fashion industry. Plaintiff also argues that where "there is substantial evidence of vertical agreements to participate in a group boycott, horizontal agreements can be implied." (Opp'n at 2, 11.) However, the case that Plaintiff cites is not binding on this Court, nor sufficiently analogous or persuasive. *See United States v. Apple, Inc.*, 791 F.3d 290, 324 (2d Cir. 2015). The Court declines to deem an agreement horizontal based only on evidence of vertical agreements, no matter how bad those vertical agreements might be.

The Court recognizes that Defendants created the vendors' parallel conduct to boycott Honey Bum by coercing them to individually enter vertical agreements with Fashion Nova. "Such conduct may be anticompetitive—and perhaps even violate the antitrust laws—but it does not suggest the [vendors] illegally agreed among themselves to restrain competition." *In re Musical Instruments*, 798 F.3d at 1198. Because Plaintiff argues that Defendants' restraint on trade is unreasonable *per se*, it can prevail only with sufficient proof of horizontal agreement. Plaintiff's evidence is not sufficient. As such, the Court enters summary judgment for Defendants on Plaintiff's antitrust claim.[6]

**B.** **Tortious Interference with Business Relations**

To establish tortious interference with business relations, Plaintiff must show:

> (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption

---

[6] Defendants advance two additional arguments for granting summary judgment on Plaintiff's antitrust claim: (1) Plaintiff cannot demonstrate an antitrust injury, and (2) Plaintiff cannot prove that the boycotting vendors had a "dominant position in the relevant market." (Mot. Summ. J. at 10–11 (quoting *Nw. Wholesale Stationers v. Pac. Stationary & Printing Co.*, 472 U.S. 284, 294 (1985)).) Because the Court grants summary judgment for Defendants on another ground, it declines to address these arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11233-RGK-AS | Date | January 6, 2022 |
|---|---|---|---|
| Title | *Honey Bum, LLC v. Fashion Nova, Inc. et al* | | |

of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.

*TransWorld Airlines, Inc. v. Am. Coupon Exch., Inc.*, 913 F.2d 676, 689 (9th Cir. 1990) (quoting *Youst v. Longo*, 43 Cal. 3d 64, 71 n. 6 (1987)). Additionally, the defendant's intentional act must be "independently wrongful"—that is, prohibited by "some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1159 (2003).

In its amended complaint, Plaintiff appears to base this claim on its antitrust claim, namely that Defendants' "independently wrongful" act is their violation of Section 1 of the Sherman Antitrust Act. But for the first time in its opposition, Plaintiff asserts that Defendants' "independently wrongful" act is also a violation of Section 16600 of California's Business and Professions Code. Because Plaintiff did not fairly allege this additional "independently wrongful" act in its complaint, the Court declines to consider it. Therefore, because the Court granted summary judgment for Defendants on the antitrust claim, Plaintiff fails to establish an "independently wrongful" act. As such, the Court also grants summary judgment on Plaintiff's tortious interference with business relations claim.

### C. Tortious Interference with Contract

To establish tortious interference with contract, Plaintiff must show:

> (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage.

*United Nat. Maint., Inc. v. San Diego Convention Ctr., Inc.*, 766 F.3d 1002, 1006 (9th Cir. 2014) (quoting *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118 (1990)).

The parties argue whether the contracts with which Defendants allegedly interfered were "at-will." If they were "at-will," Plaintiff must also establish an "independently wrongful" act. *Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal. 5th 1130, 1148 (2020). The Court, however, cannot determine whether these contracts are "at-will" because Plaintiff has not cited to any contracts or purchase orders in its opposition, only transcripts of deposition testimony and emails that allude to the existence of a

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11233-RGK-AS | Date | January 6, 2022 |
|---|---|---|---|
| Title | *Honey Bum, LLC v. Fashion Nova, Inc. et al* | | |

contract.[7] But even assuming that the contracts are not "at-will," and therefore proof of an "independently wrongful" act is not required, Plaintiff's evidence is still insufficient. Without evidence of the specific contracts at issue, a reasonable jury cannot find that Defendants knew about or intended to disrupt any contractual relationship.

Accordingly, the Court grants summary judgment on Plaintiff's tortious interference with contract claim.

**V.      CONCLUSION**

Based on the above, the Court **GRANTS** Defendants' Motion for Summary Judgment.

**IT IS SO ORDERED.**

_____  :  _____

---

[7] Remember, "[j]udges are not like pigs, hunting for truffles . . . ." *Dunkel*, 927 F.2d at 956.